FILED
United States Court of Appeals
Tenth Circuit

February 9, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

KEVIN SUTPHIN,

        Petitioner–Appellant,

v.

JAMES JANECKA, Warden,

        Respondent–Appellee.

No. 08-2188
(D.C. No. 2:07-CV-01252-RB-LCS)
(D.N.M.)

ORDER DENYING
CERTIFICATE OF APPEALABILITY

Before **LUCERO**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Kevin Sutphin, a New Mexico state prisoner, appeals the district court's

denial of his 28 U.S.C. § 2254 habeas application and request for a certificate of

appealability ("COA"). Because he cannot make a substantial showing of the

denial of a constitutional right, § 2253(c)(2), we deny a COA and dismiss the

appeal.

**I**

In 1987, Sutphin was tried before a jury in New Mexico state court on

charges of first degree murder, conspiracy to commit murder, and tampering with

evidence arising out of the killing of Charles Franklin. Sutphin did not deny

fatally beating Franklin while the two were in custody in a New Mexico state penitentiary but testified that he believed Franklin was trying to kill him. The court granted his request for a self-defense instruction, but its instruction did not explicitly place upon the state the burden of proving beyond a reasonable doubt that Sutphin had not acted in self defense.

Sutphin was convicted of first degree murder and tampering with evidence. He was sentenced to life imprisonment on the murder charge and a concurrent sentence of eighteen months' imprisonment on the tampering charge. He appealed, and the New Mexico Supreme Court affirmed his conviction. State v. Sutphin, 753 P.2d 1314, 1319 (N.M. 1988).

Six years later, the New Mexico Supreme Court decided State v. Parish, holding that when a defendant raises a reasonable doubt as to whether he acted in self defense, the jury must be instructed that unlawfulness is a necessary element of the crime and that the state must prove beyond a reasonable doubt that the defendant did not act in self-defense. 878 P.2d 988, 991-93 (N.M. 1994). The court held that Parish's jury instructions, which paralleled Sutphin's, were erroneous because they failed to instruct the jury that it could convict only if it found beyond a reasonable doubt that the defendant did not act in self defense. See id.

In 1997, Sutphin filed a petition for a writ of habeas corpus in New Mexico state court, arguing that, under Parish, he was entitled to a new trial. In 2005, a

state district court granted Sutphin's habeas petition. Following the grant of habeas relief, the state appealed to the New Mexico Supreme Court, which reversed. The court distinguished <u>Parish</u>, concluding that self defense was not properly at issue in Sutphin's trial because the evidence of self defense was too slight to raise a reasonable doubt. <u>State v. Sutphin</u>, 164 P.3d 72, 78 (N.M. 2007).

Sutphin then filed an application for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the District of New Mexico. In his application, Sutphin argued that the state trial court violated his federal constitutional right to proper instruction on each element of the charged crime under <u>Sullivan v. Louisiana</u>, 508 U.S. 275, 277-78 (1993). Adopting the magistrate's proposed findings and recommendations and overruling Sutphin's objections, the district court denied habeas relief. Sutphin sought a COA from the district court, but the request was denied.

## II

Because the district court denied his habeas application and his request for a COA, Sutphin may not proceed on appeal absent a grant of a COA by this court. 28 U.S.C. § 2253(c)(1)(A). To obtain a COA, Sutphin must make a "substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires him to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

Sutphin first argues that because judges in the New Mexico state courts disagreed about whether he was entitled to the proper self-defense instruction, "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner." Id. However, the issue debated in the New Mexico courts was whether the jury was properly instructed regarding New Mexico law, see State v. Sutphin, 164 P.3d at 79-80 (Serna, J., dissenting) (citing only New Mexico state case law), whereas a § 2554 petition may only raise federal issues, § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (emphasis added)). Because errors of state law are relevant only insofar as they impact a federal right, Sutphin's point that judges disagreed on this issue of state law does not meet the Slack standard.

We consider then whether the state court's decision "involved an unreasonable application of federal law" based on the lack of a jury instruction placing the burden of proving self defense on the state. "To determine whether the state trial court's refusal to deliver a self-defense instruction violated Petitioner's federal constitutional right to due process, we consider [state]

- 4 -

self-defense law to assess whether" he was entitled to such an instruction. <u>Tyler v. Nelson</u>, 163 F.3d 1222, 1227 (10th Cir. 1999). Here, our investigation is brief because the New Mexico Supreme Court specifically decided that "[Sutphin's] actions were not reasonable and did not support a self-defense instruction" under state law. <u>State v. Sutphin</u>, 164 P.3d at 79. Thus, the prosecution did not need to prove unlawfulness as an element of the murder or that Sutphin did not act in self defense. Reasonable jurists would agree that, under the jury instructions given, the prosecution bore the burden of proving all the elements necessary to convict Sutphin, and therefore his federal constitutional rights were not violated. <u>See</u> <u>Sullivan</u>, 508 U.S. at 277-78.

### III

For the foregoing reasons, Sutphin's request for a COA is **DENIED** and the appeal is **DISMISSED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge